# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRENE SANCHEZ, THOMAS TORRES, MARILYN GRABADOR TORRES, AMJAD HAYAUD-DIN, as individuals, on their own behalves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>Defendant.<br>_____/ | Case No. 1:14-cv-20468 |

## DECLARATION OF SHAYLA GOFORTH IN SUPPORT OF JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO STAY THE ACTION IN FAVOR OF ARBITRATION

1.  I am a Vice President, Product Manager II at JPMorgan Chase Bank, N.A. ("JPMCB"). In my capacity as Product Manager II, I am responsible for maintaining records of the account agreements that set forth the terms and conditions applicable to JPMCB's customer deposit accounts (the "Deposit Account Agreements"), including revisions and amendments to the Deposit Account Agreements that are implemented by JPMCB from time to time. In addition, I have access to information and documents maintained by JPMCB in the ordinary course of JPMCB's business relating to JPMCB's deposit accountholders, including information and documents pertaining to the four Plaintiffs in this lawsuit, Irene Sanchez, Tomas Torres,[1] Marilyn Grabador Torres, and Amjad Hayaud-Din. As a result of the foregoing, I have personal knowledge of the facts set forth in this Declaration.

2.  JPMCB is a federally charted bank with its main office in Columbus, Ohio.

---

[1] Mr. Torres' name is misspelled in the complaint as "Thomas Torres."

1

3. JPMCB provides personal banking services to consumers that include, among other things, deposit accounts and debit cards for deposit accounts.

4. The deposit accounts and debit cards of accountholders are governed by a Deposit Account Agreement. As detailed below, the Deposit Account Agreement contains a provision requiring arbitration. It is JPMCB's policy, practice, and procedure to distribute a copy of the operative JPMCB Deposit Account Agreement to every customer that opens a deposit account with JPMCB, and to distribute notices of any and all revisions and amendments to Deposit Account Agreements to existing deposit accountholders.

5. In December 2011, JPMCB provided a copy of the Deposit Account Agreement that became effective on February 1, 2012 (the "2012 Deposit Account Agreement") to existing accountholders. A true and accurate copy of the 2012 Deposit Account Agreement is attached as Exhibit A. The 2012 Deposit Account Agreement, which contained a provision requiring arbitration, allowed each accountholder to opt out of the arbitration requirement by April 2, 2012, either by calling a toll-free telephone number that was provided in the Deposit Account Agreement or by contacting a JPMCB banker. *See* 2012 Deposit Account Agreement, Exhibit A, at p. 24 ("Can I (the customer) opt out or cancel this agreement to arbitrate").

6. The Deposit Account Agreement was amended in 2013 (the "2013 Deposit Account Agreement"). The 2013 Deposit Account Agreement is the operative version of the Deposit Account Agreement in effect (and therefore governing each of Plaintiffs' deposit accounts) at the time this lawsuit was filed. It is available through JPMCB's website, at Https://apply.chase.com/OAO/ViewDisclosures.aspx?DisclosuresUserType=Consumer&DisclosuresZipCode=945683450. A true and accurate copy of the 2013 Deposit Account Agreement is attached as Exhibit B.

2

7. The 2013 Deposit Account Agreement includes a provision requiring arbitration. The arbitration provision allows each accountholder to opt out of the arbitration requirement within 60 days of opening his or her account, either by calling a toll-free telephone number that is provided in the 2013 Deposit Account Agreement or by contacting a JPMCB banker in the manner set forth in the 2013 Deposit Account Agreement. *See* 2013 Deposit Account Agreement, Exhibit B, at p. 17 ("Can I (the customer) opt out or cancel this agreement to arbitrate").

8. JPMCB tracks requests from accountholders to opt out of the arbitration requirement in the Deposit Account Agreement in an "opt-out list," which is a business record of JPMCB maintained by it in the ordinary course of JPMCB's business.

9. As described below, the business records of JPMCB reflect that none of the Plaintiffs opted out of the arbitration requirement in the Deposit Account Agreement.

10. In addition, as described below, each Plaintiff was provided notice of the 2012 Deposit Account Agreement and the operative 2013 Deposit Account Agreement in connection with their monthly statements.

A. **Plaintiff Irene Sanchez**

11. In February 2012, Mrs. Sanchez was added to the existing JPMCB deposit account of William J. Sanchez. Mrs. Sanchez was issued a debit card in connection with that account.

12. In connection with the implementation of the 2012 Deposit Account Agreement, JPMCB provided the Sanchezes with notice that the Sanchezes could opt out of the arbitration requirement in the Deposit Account Agreement by April 2, 2012, but their names does not appear on the opt-out list maintained by JPMCB. Thus, the Sanchezes did not opt out of the arbitration requirement in the Deposit Account Agreement.

3

13. In January 2013, and in connection with the Sanchezes's JPMCB deposit account ending in #1045, JPMCB provided notice of the 2013 Deposit Account Agreement with the Sanchezes's monthly statement.

### B. Plaintiff Tomas Torres

14. Since at least November 2011, Plaintiff Tomas Torres has had an individual and joint JPMCB deposit account. Mr. Torres was issued at least one debit card in connection with those accounts.

15. In connection with the implementation of the 2012 Deposit Account Agreement, JPMCB provided Mr. Torres with notice that he could opt out of the arbitration requirement in the Deposit Account Agreement by April 2, 2012, but his name does not appear on the opt-out list maintained by JPMCB. Thus, he did not opt out of the arbitration requirement in the Deposit Account Agreement.

16. In January 2013, and in connection with Mr. Torres' JPMCB deposit accounts ending in #5591 and #8289, JPMCB provided notice of the 2013 Deposit Account Agreement with Mr. Torres's monthly statements.

### C. Plaintiff Marilyn Grabador Torres

17. Since at least November 2011, Plaintiff Marilyn Grabador Torres has had a joint JPMCB deposit account with Mr. Torres. Ms. Torres was issued a debit card in connection with that account.

18. In connection with the implementation of the 2012 Deposit Account Agreement, JPMCB provided Ms. Torres with notice that she could option opt out of the arbitration requirement in the Deposit Account Agreement by April 2, 2012, but her name does not appear on the opt-out list maintained by JPMCB. Thus, she did not opt out of the arbitration requirement in the Deposit Account Agreement.

19. In January 2013, and in connection with Ms. Torres' JPMCB deposit account ending in #8289, JPMCB provided notice of the 2013 Deposit Account Agreement with Ms. Torres's monthly statement.

### D. Amjad Hayaud-Din

20. Since at least November 2011, Mr. Hayaud-Din has had a JPMCB deposit account. Mr. Hayaud-Din was issued a debit card in connection with that account.

21. In connection with the implementation of the 2012 Deposit Account Agreement, JPMCB provided Mr. Hayaud-Din with notice that he could opt out of the arbitration requirement in the Deposit Account Agreement by April 2, 2012, but his name does not appear on the opt-out list maintained by JPMCB. Thus, he did not opt out of the arbitration requirement in the Deposit Account Agreement.

22. In January 2013, and in connection with Mr. Hayaud-Din's JPMCB deposit account ending in #3662, JPMCB provided notice of the 2013 Deposit Account Agreement to Mr. Hayaud-Din with Mr. Hayaud-Din's monthly statement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 21, 2014.

Columbus, Ohio

_____
Shayla Goforth

5