UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 14-20468-CIV-MORENO

Irene Sanchez, Thomas Torres, Marilyn Grabador
Torres, Amjad Hayaud-Din, as individuals, on
their own behalf and on behalf of all others
similarly situated,

      Plaintiffs,

vs.

J.P. Morgan Chase Bank, N.A.,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon a review of Defendant's Motion to Dismiss **(D.E. No. 6)**, filed on **March 24, 2014**. The Court herein GRANTS Defendant's Motion to Dismiss. Each of the Plaintiffs' accounts with Chase is governed by a binding and valid contract, which requires that all claims in this action be arbitrated on an individual basis—a non-class, non-consolidated, and non-representative basis. Accordingly, the Court hereby dismisses Plaintiffs' claims so as the parties may engage in arbitration proceedings as per their contract.

I.    Factual Background

    Plaintiffs in this action are debit card account holders who have sued Defendant JPMorgan Chase Bank, N.A. ("Chase") for breach of contract and other claims because Chase temporarily lowered the transactional limits on Plaintiffs' debit cards in response to a third-party data breach that created a risk of fraud to Chase and its customers. Plaintiffs bring claims under the EFTA (Counts I-III), a claim for breach of contract under the 2013 Deposit Account Agreement (Count IV), a claim

for breach of the implied covenant of fair dealing under the 2013 Deposit Account Agreement (Count V), and a FUDTPA claim (Count VI). *Id.* ¶¶ 42-85. Plaintiffs purport to bring each of their claims on behalf of a nationwide class of account holders. *Id.* ¶ 35. Plaintiffs concede that each of their accounts with Chase is governed by a binding and valid contract (the "2013 Deposit Account Agreement" or "Agreement"). Plaintiffs attached the Agreement to the Complaint and asserted breach of contract claims against Chase based upon this Agreement.

The 2013 Deposit Account Agreement informs Plaintiffs that it "*is the contract that governs your account.*" *See* 2013 Deposit Account Agreement, Ex. G to Pls.' Compl., at 2 (emphasis in original). It provides that by "using any of our deposit account services, you and anyone else identified as an owner of the account agree to the terms and conditions contained in this agreement." *Id.* The 2013 Deposit Account Agreement includes an arbitration section that, in the event of any dispute, permits either party to elect binding arbitration and that forbids any arbitration from proceeding on a class-wide basis. It reads, in pertinent part,

> Arbitration: You and we agree that upon the election of either of us, any dispute relating in any way to your account or transactions will be resolved by binding arbitration as discussed below, and not through litigation in any court (except for matters in small claims court). This arbitration agreement is entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA")

The Agreement further explains that new account holder is given the right to opt out of the arbitration requirement within 60 days of opening his or her account. Existing account holders, including Plaintiffs, were given the right to right to opt out of arbitration by April 2, 2012. Chase tracks requests from account holders to opt out of the arbitration requirement in an "opt-out list." For those customers who do not choose to opt-out, the Deposit Account Agreement unambiguously

requires that: (a) at the election of either Chase or the consumer, "any claims or disputes" related to "this agreement" or the borrower's "deposit account, transactions involving your deposit account . . . and any related service" must be arbitrated; and (b) the arbitration "will proceed on an individual basis, on behalf of the named parties only" and will not proceed "ON ANY CLAIM IN ARBITRATION AS A CLASS CLAIM OR CLASS ACTION." 2013 Deposit Account Agreement, Ex. G to Pls.' Compl., at 17. None of the Plaintiffs opted out of the arbitration agreement.

In or around February 2012, Plaintiff Irene Sanchez was added to the existing deposit account of her husband, William Sanchez (counsel for the Plaintiffs in this matter), and was issued a debit card for this joint account. Chase provided the Sanchezes with a copy of the Deposit Account Agreement and notice of its amendments, including the 2013 Deposit Account Agreement. Mrs. Sanchez was given notice that she could opt out of arbitration as the required dispute resolution mechanism, but she did not do so. Since at least November 2011, Plaintiff Tomas Torres has had an individual and joint deposit account with Chase, and was issued at least one debit card in connection with those accounts. Chase provided Mr. Torres with a copy of the Deposit Account Agreement and notice of its amendments, including the 2013 Deposit Account Agreement. Despite notice that he could opt out of arbitration, Mr. Torres did not do so. Similarly, Plaintiff Marilyn Grabador Torres opened a joint deposit account with Mr. Torres with Chase and was issued a debit card in connection with that account. Ms. Torres also received notice that she could opt of arbitration but did not do so. Finally, since at least November 2011, Plaintiff Amjad Hayaud-Din has had a deposit account with Chase and a debit card for that account. As with the other named Plaintiffs, Chase provided Mr. Hayaud-Din with a copy of the Deposit Account Agreement and notice of the 2013 Deposit Account Agreement. Mr. Hayaud-Din did not opt out of the arbitration requirement.

Because the Deposit Account Agreement contains a mandatory arbitration clause instructing

that each of the claims brought in this lawsuit must be arbitrated on an individual, non-class basis, Defendant Chase filed the instant motion, seeking to dismiss this action. The Court now reviews Defendant's request to dismiss Plaintiffs' Complaint and enforce the arbitration provision previously agreed to by the parties.

II.    Legal Standard:

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claims showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2) (2012); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, the court must determine whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Regardless of the legal sufficiency of the facts alleged, a court may dismiss a complaint on a dispositive issue of law. *Marshall Co. Bd. of Educ. v. Marshall Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Olmstead v. Defossett*, 205 F. Supp. 2d 1316, 1319 (M.D. Fla. 2002) ("When, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate.").

III.   Legal Analysis:

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, "to reverse the longstanding judicial hostility to arbitration agreements." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89 (2000). The FAA expresses a strong preference in favor of arbitration to

resolve disputes and requires that courts "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *accord Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) ("Section 2 [of the FAA] embodies the national policy favoring arbitration and places arbitration agreements on equal footing with other contracts."). Under this policy, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

Pursuant to these well-settled principles, this Court determines that: (a) the FAA applies to the 2013 Deposit Account Agreement; (b) all of Plaintiffs' claims fall within scope of the arbitration provision in the 2013 Deposit Account Agreement; and (c) consistent with controlling law and the parties' arbitration agreement, Plaintiffs only may pursue their claims in arbitration on an individual basis and may not pursue class-wide claims or relief. The arbitration provision is broad and unambiguous, and includes "[a]ny claims or disputes" between the parties "arising from or relating to" Plaintiffs' deposit accounts, debit cards, or the Agreement itself. *Id.* Accordingly, Plaintiffs' putative class action is dismissed in favor of individual arbitration.

### A.    The Federal Arbitration Act Applies.

The FAA applies to arbitration agreements in any contract evidencing a transaction involving interstate commerce. *See, e.g., Picard*, 564 F.3d 1249, 1253 (11th Cir. 2009). Plaintiffs' claims in this case fall cleanly within the scope of the FAA. Plaintiffs are citizens of Florida and Illinois while Chase is a federally chartered bank with its principal place of business in Ohio. The arbitration agreement expressly states that "[t]his arbitration agreement is entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ('FAA')." Chase's Deposit Account Agreement is thereby governed by the FAA. *See Scott*, 2014 WL 338753, at *6-7 (analyzing the Chase Deposit Account Agreement under the FAA); *Pham*, slip op. at 7 (holding that the Chase Deposit Account Agreement

anticipates interstate commerce and is subject to the FAA). And because the arbitration requirement in the 2013 Deposit Account Agreement covers deposit account transactions and other financial transactions that impact interstate commerce, the FAA and its presumption in favor of arbitration unquestionably apply here.

B.    Plaintiffs Are Required To Arbitrate All Of Their Claims.

1.    Plaintiffs Agreed To Arbitrate Their Disputes With Chase Through The Very Agreement Under Which Plaintiffs Are Suing

Plaintiffs concede that the 2013 Deposit Account Agreement is the contract that governs their Chase accounts and have sued for breach of that Agreement. Pls.' Compl. ¶ 61 (citing the 2013 Deposit Account Agreement and alleging its terms "constitute a contract between the Class members and Defendants [sic].").) Furthermore, because each Plaintiff received the Deposit Account Agreement and did not opt out of its arbitration requirement, the Court determines that each of the Plaintiffs agreed to the arbitration requirement in the Deposit Account Agreement.

2.    Plaintiffs' Claims All Fall Within The Scope Of The Arbitration Provision

There is a well-settled presumption in favor of the arbitrability of disputes. *See, e.g., Bolamos v. Globe Airport Security Servs., Inc.*, No. 02-211005, 2002 WL 1839210, at *1 (S.D. Fla. May 21, 2002) ("In enacting the FAA, Congress established a strong federal policy in favor of arbitration agreements ."). As the Supreme Court and the Eleventh Circuit have made clear, courts must "construe arbitration clauses generously, *resolving all doubt in favor of arbitration*[.]" *Becker v. Davis,* 491 F.3d 1292, 1305 (11th Cir. 2007) (emphasis added); *Ruby-Collins, Inc. v. City of Huntsville,* 748 F.2d 573, 576 (11th Cir. 1984) ("arbitration clauses are to be generously construed

and all doubts are to be resolved in favor of arbitration").

So long as a dispute "touch[es]" on a matter covered by the arbitration clause, it must be arbitrated. *In re Managed Care Litig.*, No. 00-MD-1334, 2003 WL 22410373, at *3 (S.D. Fla. Sept. 15, 2003) ("If Providers' allegations 'touch matters' covered by the relevant arbitration agreements, then those claims must be arbitrated, irrespective of how the allegations are labeled"). In fact, consistent with the presumption in favor of arbitration, a dispute must be arbitrated unless there is "positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commn's Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrier & Gold Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

Here, the scope of the arbitration agreement at issue is broad. All claims are subject to arbitration "regardless of what theory they are based on or whether they seek legal or equitable remedies." *See* 2013 Deposit Account Agreement. In addition, "[a]rbitration applies to any and all such claims, whether they arose in the past, may currently exist, or may arise in the future." *Id.* All of Plaintiffs' claims are thereby arbitrable for multiple reasons. The claims relate to Plaintiffs' accounts, transactions associated with these accounts, and even the Agreement itself. As Plaintiffs acknowledge, each claim challenges Chase's decision to lower or suspend withdrawal limits for Chase debit cards. This dispute is specifically covered by the Agreement, which authorizes Chase to lower or suspend such limits. The Complaint contains a claim for breach of the Agreement itself.

Because Plaintiffs' claims and allegations directly "relate" to Plaintiffs' deposit accounts, transactions associated with those accounts, and the Agreement itself, they fall squarely within the parties' agreement to arbitrate for multiple reasons and must be arbitrated.

C.     The Arbitration Provision Mandates Individual, Non-Class Arbitration
        Of Plaintiffs' Claims.

A Court must enforce the parties' arbitration agreement as written, including its clear mandate that the arbitration proceed on an individual basis. *See, e.g., Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 599 U.S. 662, 683 (2010) ("Underscoring the consensual nature of private dispute resolution ... parties are 'generally free to structure their arbitration agreements as they see fit.'" (citations omitted)). The Supreme Court and the Eleventh Circuit have repeatedly rejected challenges to class action waivers in arbitration agreements. For instance, in *AT&T Mobility,* the Supreme Court held that the FAA preempted a state rule that precluded enforcement of class action waivers in arbitration agreements. 131 S. Ct. at 1748, 1753. The Supreme Court reasoned that such a rule "'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" in establishing the FAA, *id.* at 1753 (internal citations omitted), including respecting the parties' expectations and their contractual right to agree to the terms under which arbitration will take place. *Id.* at 1752-53. The Supreme Court further reasoned that "[r]equiring the availability of classwide arbitration," contrary to the parties' contractual agreement, "interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." *Id.* at 1748.

Consistent with *AT&T Mobility*, the Eleventh Circuit has also rejected challenges to class action waiver provisions in arbitration agreements. *See Pendergast,* 691 F.3d at 1236 (affirming order dismissing action in favor of individual arbitration because "we conclude that we need not reach the questions of whether Florida law would invalidate the class action waiver in the parties' contract because, to the extent it does, it would be preempted by the FAA. *See also Cruz,* 648 F.3d at 1212-16 (affirming order compelling arbitration on an individual basis and rejecting the argument

that a class action waiver is unenforceable as contrary to public policy).

Here, the arbitration provision in the 2013 Deposit Account Agreement unambiguously states that claims will be arbitrated on an individual basis and, further, that there is no right for any claim to be arbitrated on a class action basis or in a representative capacity. Chase has elected to proceed with arbitration on an individual basis. Accordingly, this Court compels arbitration of Plaintiffs' claims on an individual, non-class basis.

IV.     Conclusion

Plaintiffs claims must be arbitrated on an individual, non-class basis under the express language of the Agreement and controlling law. Arbitration is a matter of contract, afforded strong support under the law, and here, the parties' contract provides a controlling arbitration clause for the dispute at hand. Defendant's Motion to Dismiss is hereby GRANTED so the parties may proceed to arbitration on an individual basis.

DONE AND ORDERED in Chambers at Miami, Florida, this _13_ day of August, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record